UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-14156-Civ-Cannon/Maynard

JANINE ALEXANDER,

    Plaintiff,

v.

CITY OF STUART, FLORIDA, *et al.,*

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

**THIS CAUSE** is before this Court upon an Order of Reference for appropriate disposition of all pretrial motions [DE 54]. Pending before the Court is Defendants' Joint Motion to Dismiss Plaintiff's Complaint with Prejudice [DE 43], to which Plaintiff has responded in opposition [DE 48] and Defendants have replied [DE 52]. This Motion is ripe for review.

## **BACKGROUND**

On April 5, 2021, *pro se* Plaintiff Janine Alexander filed the instant action against the City of Stuart; the Stuart Police Department; the Florida Department of Corrections; Martin County Sheriff William D. Synder; Assistant State Attorney Kaitlyn Bingham; Assistant State Attorney Bruce Colton; and a host of other police officers, governmental employees, and individuals (collectively, "Defendants") [DE 1]. The Complaint spans 69 pages and encompasses 260 numbered paragraphs. The Complaint also refers to Plaintiff's claims in the prior federal case of *Alexander v. City of Stuart, et al.*, Case No. 19-14084-Civ-Rosenberg/Maynard, which was summarily dismissed without prejudice as to all Defendants either by default pursuant to S.D. Fla. Local Rule 7.1(c) or for failure to properly serve process. *See id.* at DE 24-28.

As best the Court can decipher, Plaintiff's claims are generally premised on a string of incidents involving her and police or governmental officials. In 2015, Plaintiff claims "she was barricaded, intimidated and threatened with arrest by Stuart Police" on several different occasions [DE 1 at 2]. Plaintiff then fast-forwards to her incarceration in Martin County jail from August to December of 2019, during which she claims she was threatened by deputies and held in confinement for long enough for her prior claims to be dismissed [*Id.* at 3]. Plaintiff purports to bring her case under 42 U.S.C. § 1983 for various alleged violations of her constitutional rights that began with her 2015 brushes with police stemming from a domestic incident which ultimately led to her being arrested, charged, and incarcerated [*Id.* at 8-16]. As damages, Plaintiff seeks declaratory relief, compensatory damages of $1,500,000.00, punitive damages, and reimbursement of her costs for bringing suit [*Id.* at 68].

On July 13, 2021, Defendants filed their joint motion to dismiss the complaint with prejudice on various grounds as to each Defendant or set of Defendants, including but not limited to the following: (1) Plaintiff's negligence claims have been dismissed in federal and state court; (2) Plaintiff's allegations fail to state a valid claim under federal or Florida law against any Defendant; (3) Plaintiff's claims against Defendant Gallas are the subject of prior claims that have been settled in exchange for payment; (4) the Complaint is a shotgun pleading subject to dismissal; (5) Plaintiff's claims are barred by applicable statutes of limitations; and (6) at a minimum, Plaintiff should be required to replead her claims for clarity.

In response, Plaintiff repeats many of the allegations from her Complaint before concluding that "[t]he relief sought from this court is detailed as Damages allowable in 42 U.S.C. 1983 claims, as Compensatory, Punitive and Pain and suffering apportioned amongst the DEFENDANTS." [DE 48 at 41].

In their combined reply, Defendants maintain that Plaintiff's response "provides another long narrative that does not in any way correct the numerous deficiencies related to the claims brought by the Plaintiff in this matter" [DE 52 at 2].

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In assessing the sufficiency of a complaint, all reasonable inferences should be drawn in favor of the plaintiff. *Iqbal*, 556 U.S. at 678; *Darrisaw v. Penn. Higher Educ. Assistance Agency,* 949 F.3d 1302, 1304 (11th Cir. 2020).

The purpose of the federal pleading rules is to ensure a plaintiff presents her claims "discretely and succinctly" so that her adversary can discern what she is claiming and frame a

responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). And while pleadings from pro se litigants are held to a less stringent standard than pleadings drafted by attorneys, they still must meet minimal pleading standards. *Tannenbaum v. U.S.* 148 F.3d 1262, 1263 (11th Cir. 1998); *Nassar v. Nassar,* 2020 WL 9460330, at *2 (S.D. Fla. July 16, 2020).

## **DISCUSSION**

The Court begins its discussion by finding that Plaintiff's Complaint violates Rule 8's requirement for "a short and plain statement of the claim." Fed. R. Civ. P. (8). It includes a hodgepodge of allegations spanning multiple years and several different occurrences involving many different individuals. Adding to the confusion, Plaintiff's labels and numbering are inconsistent, *see, e.g.,* [DE 1 at 7 (listing 22 Defendants but missing number 19 so incorrectly numbering to 23)], and most of her contentions are wholly conclusory. The Complaint's allegations are sometimes connected to a particular Defendant or set of Defendants but sometimes not, making it virtually impossible to understand who did what and when. For this reason alone, the Complaint is due to be dismissed.

The Complaint also fails because it is a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to

separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id*.

The Eleventh Circuit issued an opinion earlier this year reminding district courts that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Barmapov*, 986 F.3d at 1324-1326. As the majority explained, shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* at 1324. "Besides violating the rules, shotgun pleadings also 'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts'" such that the Eleventh Circuit has "little tolerance for them." *Id.* (citations omitted).

There are four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1322-1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Relevant here, two types of shotgun pleadings are (1) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and (2) those that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321-1322.

The Complaint here falls into the above two types of shotgun pleadings. First, it is disorganized, disjointed, and replete with vague and conclusory allegations. Early on in her Complaint, Plaintiff includes a section entitled "Excessive Force" wherein she describes two 2015 incidents in which she was arrested. She claims the first arrest was by four officers who "used

'SWAT-team' tactics" late at night after she had gone to the police station to lodge a complaint against one of the arresting officers [DE 1 at 5].  Plaintiff then purports to add the Florida Department of Corrections as a Defendant "due to events occurring in June 2015 – May 2019 through December of 2019" as events that "'relate back' to the initial event causing Plaintiff to be charged and submitted to probation." [DE 1 at 7].  In the next paragraph, Plaintiff identifies Defendant Dennis Gallas "as the individual who provided State's evidence as a 'video' in 55 secs." in a state court criminal case [*Id.*].  Plaintiff later identifies a recent event "on July 25, 2019 when [Plaintiff's] process server served Federal Complaint upon the City of Stuart, while Plaintiff requested Public records from Human Resources, Roz Johnson" after which Stuart police officers barricaded and intimidated Plaintiff "constituting an 'unlawful detainment' or under False Imprisonment" and subjecting Plaintiff to "Intentional Infliction of Emotional Distress while fearful of arrest, in retaliation for the service of the Federal Complaint." [*Id.* at 11].  The Complaint continues for over 50 more pages in similar disjointed fashion.

Second, starting on page 48, Plaintiff begins to list "Cause(s) of Action as to Counts 1-8" and every single cause of action begins with the following statement: "Plaintiff realleges and incorporate[s] the allegations set forth in the preceding paragraphs as though fully set forth herein." [*Id.* at 48, 53, 54, 58, 61, 64-66].  Thus, the Complaint is a classic example of an impermissible shotgun pleading in which each of the eight alleged counts adopts the allegations in the preceding counts and "causing each successive count to carry all that came before."  *Weiland*, 792 F.3d at 1321.

While it may be possible to attempt to decipher the factual basis upon which some of Plaintiff's claims rest as to each Defendant, the Court should not have to engage in a substantial overhaul of the Complaint to determine if Plaintiff states a plausible claim for relief.  *See Magluta*

*v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (describing an unwillingness "to address and decide serious constitutional issues on the basis of" a shotgun complaint while noting that "the toleration of [shotgun] complaints such as this one 'does a great disservice to the administration of justice.'"). Plaintiff may have some plausible claims against some Defendants, but judicial efficiency is undermined by trying to parse through the current Complaint to try and identify claims that may proceed and those that may not. Accordingly, the Court finds the best course to be granting Plaintiff an opportunity to submit an amended complaint. In doing so, Plaintiff must cure the noted deficiencies identified in this report and she should also consider the other arguments raised by Defendants in their Joint Motion.[1] In addition to setting forth a short and plain statement of facts showing that she is entitled to relief, Plaintiff should clarify her allegations supporting each claim in a way that gives fair notice of the claims against each Defendant and the succinct grounds upon which such claims rest.

## CONCLUSION

Accordingly, the undersigned recommends that Defendants' Joint Motion to Dismiss with Prejudice [DE 43] be **GRANTED IN PART and DENIED IN PART** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for being an impermissible shotgun pleading. The undersigned further recommends that Plaintiff be permitted to file an Amended Complaint that cures the pleading deficiencies outlined in this report within 10 days of the Court's

---

[1] For instance, some Defendants argue that Plaintiff's claims in this matter were previously adjudicated and dismissed twice before [DE 43 at 4-12]. Defendant Dennis Gallas argues that he was a mere witness to a crime and is not a state actor for purposes of any § 1983 claims [*Id.* at 15-17]. Defendant Gallas further argues that he settled a prior defamation lawsuit brought by Plaintiff relating to the same underlying event and that the settlement includes a full release of claims by Plaintiff against him [*Id.* at 17-20]. The Sheriff's Office Defendants assert that any claims against them are time-barred [*Id.* at 21-22]. These are just some of the arguments raised. There are others that Plaintiff is strongly encouraged to consider when repleading her claims.

Order on this report and that Plaintiff be cautioned that her failure to timely file an Amended Complaint may result in dismissal of this action without further notice.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 9th day of September, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE